UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TEVON STEPHENS,<br><br>Defendant. | Case No. 25-CR-206 |

STATEMENT OF OFFENSE IN SUPPORT OF
DEFENDANT TEVON STEPHENS'S PLEA OF GUILTY

The parties in this case, the United States of America and the defendant, Tevon Stephens, stipulate and agree that the following facts are true and accurate. These facts do not constitute all of the facts known to the parties concerning the charged offenses; they are being submitted to show that sufficient facts exist that the defendant committed the offenses to which he is pleading guilty: Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), and First Degree Child Sexual Abuse, in violation of 22 D.C. § 3008.

**I.      The Penalties**

A violation of 18 U.S.C. § 2252(a)(2) carries a maximum sentence of 20 years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than five years and up to life, pursuant to 18 U.S.C. § 3583(k); mandatory restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

A violation of 22 D.C. § 3008 carries a maximum sentence of 30 years of imprisonment; a fine of $75,000 pursuant to 22 D.C. § 3571.01(b)(10); a term of supervised release of not more

than ten years, pursuant to 24 D.C. § 403.01(b)(4); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

## II.     The Elements of the Offense

To prove that the defendant is guilty of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), the government must prove beyond a reasonable doubt that:

1. The defendant knowingly distributed a visual depiction;
2. The defendant distributed the visual depiction using any means or facility of interstate commerce or that has been mailed, or has been shipped or transported in or affecting interstate commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer;
3. Producing the visual depiction involved using a minor engaged in sexually explicit conduct; and
4. The depiction was of a minor engaged in sexually explicit conduct.

To prove that the defendant is guilty of First Degree Child Sexual Abuse, in violation of 22 D.C. § 3008, the government must prove beyond a reasonable doubt that:

1. The defendant engaged in a sexual act with a minor, or caused the minor to engage in a sexual act;
2. At the time, the minor was under 16 years of age; and
3. The defendant was at least four years older than the minor.

## Factual Proffer

The defendant, a 28-year-old man, maintained a profile on a dating application. On his profile, he stated that he was 23 years old and that he was "looking for young." On January 15, 2025, the defendant sent a message to an undercover officer (UC) whose profile stated that he was

interested in "#boy4dad #nolimits #sons4dads." The UC, who was posing as the father of a nine-year-old boy, told the defendant that he was into "taboo" and "family incest," to which the defendant responded, "Yeah I'm with it."

The conversation moved over to text message, where the defendant informed the UC that his "preferred age" was ten years old "and up" and that he was interested in "girls and boys." The defendant stated that he had sexually abused a 12-year-old girl when he was 23 or 24 years old, and stated, "I dabble still at times I got younger females and stuff."

During the conversation, the defendant repeatedly expressed interest in sexually abusing the UC's purported 9-year-old son, telling the UC, "I would love to get some head." The defendant asked the UC for "vids," short for videos, of the purported 9-year-old boy. On January 17, 2025, the UC told the defendant that his son would be with him the following week if the defendant "want[ed] to have some fun." The defendant responded, "Yeah I definitely do. Tryna get suck by your son." The UC asked the defendant to provide "anything pervy" to verify that he was not a "vigilante." In response, the defendant stated that he would send the UC videos from "young girls who sent me stuff." He then sent the UC a 41-second-long video depicting a female wearing a green shirt penetrating her vagina with her fingers. The female was visible from the torso down and did not appear to have any pubic hair. The defendant then forwarded a still image of a female, visible from the nose down, standing in a bathroom wearing black and white pants and a black bra. The defendant told the UC that the girl was "15 now."

The UC then asked the defendant if he had any photos or videos with the 12-year-old girl whom the defendant had claimed to have abused earlier in the conversation. The defendant stated that he had videos of the girl "playing wit herself…I got vids of fucking her but I only comfortable showing u that in person."  He then forwarded a thirty-three second video that was recorded by a

nude male shown from the waist down. The video showed a female laying on a green blanket nude from the waist down wearing a white shirt. The female is penetrating her genitals with her fingers and has distinctive blonde short dreadlocks.

The defendant continued to discuss the potential abuse of the UC's purported son during January and February 2025, as well as boasting that he was currently having sex with a 15-year-old girl, whom he claimed to have known since she was 13 years old. On March 20, 2025, the defendant sent the UC a video depicting a penis penetrating the mouth of a prepubescent minor child. He then sent another image depicting an age-questionable child displaying her genitals to the camera.

On March 26, 2025, the defendant was arrested at his residence on 30th St. NE in Washington, D.C. Law enforcement seized three cell phones belonging to the defendant. On one of the devices, law enforcement discovered 6,495 images and videos of child sexual abuse material, including videos and images depicting the sexual abuse of infants and toddlers and images depicting bondage. The defendant was also part of numerous Telegram groups dedicated to the exchange of CSAM and promoting the sexual abuse of children.

The defendant's phone also contained the video of the girl with the blonde dreadlocks penetrating herself, which the defendant had sent to the UC. The child was subsequently identified as a 13-year-old girl. Law enforcement discovered three additional CSAM videos of this child on the defendant's phone. In one video, the defendant penetrates the child's vagina with his penis. In another, he penetrates her mouth with his penis. A final video again shows her penetrating herself. The defendant had created the videos on his phone and filmed the videos in his bedroom.

The defendant maintained two Instagram profiles which he used to entice minors. On one account, he pretended to be an adult female. He used this female profile to message minor girls,

claiming to have a brother who was interested in them. The defendant would typically represent that the "brother" was around 21 years old. He would then forward the name of the "brother's" profile – the second profile – to the minor and either tell her to contact him or subsequently reach out to the minor using this profile. The defendant contacted numerous minors using this scheme.

One of these minors was MV2. The defendant first contacted MV2 in 2023, when she was 15 years old, pretending to be his "sister," as described above. The defendant was aware of MV2's age and represented to her that he was 18 years old. In or around April 2023, the defendant invited MV2 to his house on 30th St. NE and had sex with her. At the time, MV2 was 15 years old and the defendant was 26 years old. On subsequent occasions, the defendant sent an Uber to MV2's home in Maryland and transported her to his home in D.C. for the purpose of having sex with her. After the first occasion, the defendant did not wear a condom when he had sex with MV2.

Respectfully,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*/s/ Caroline Burrell*

Caroline Burrell
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I, Tevon Stephens, have read every page of this Statement of Offense and have discussed it with my attorney, Marc Eisenstein, Esq. I agree to it and acknowledge that everything in this statement is true and correct. I do this voluntarily and of my own free will.

Date: 1/3/2026

Tevon Stephens
Defendant

## ATTORNEY'S ACKNOWLEDGEMENT

I have read every page of this Statement of Offense, reviewed and discussed it with my client, Tevon Stephens, and have no reason to disagree with my client's admission that the facts set forth therein are true and correct.

Date: 1/6/26

Marc Eisenstein, Esq.
Attorney for Defendant Tevon Stephens